**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 05-cr-00172-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

TOMMY LEAKEY,

     Defendant.

---

### SPECIAL VERDICT: NOT GUILTY ONLY BY REASON OF INSANITY

---

**Blackburn, J.**

On July 10, 2006, this matter came before me for nonjury trial[1] of the crime

charged in the one-count **Indictment** [#5] returned by the grand jury on April 18, 2005.

The parties waived opening and closing statements, waived the presentation of

evidence beyond that extant in the file and record, and consented to my consideration

of all relevant adjudicative facts in the file and record as developed, including the

mental evaluations and reports of Dr. Karen Fukutaki, Dr. Patricia A. Hyatt, and Dr.

Katherine Skillestad, and my consideration of the parties' **Joint Stipulation of Facts**

**And Recommendation of a Finding of Not Guilty Only by Reason of Insanity** [#57]

filed June 15, 2006.

As required under 18 U.S.C. § 4242(b), defendant has raised the issue of

---

[1] Before commencing the nonjury trial, and after hearing, I granted **Defendant Tommy Leakey's Motion Allowing Him To Waive Jury Trial Pursuant to Fed. R. Crim. P. 23(a)(1)** [#60] filed June 27, 2006.

insanity by notice as provided in Fed.R.Crim.P. 12.2(a).  As required under 18 U.S.C. § 4242(b), by special verdict the court shall find defendant (1) guilty; (2) not guilty; or (3) not guilty only by reason of insanity.

Based on the extant evidentiary record I find the defendant not guilty only by reason of insanity of the crime of possession of a firearm by a prohibited person, i.e., a convicted felon, having been convicted previously of three violent felonies and serious drug offenses in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), as charged in Count One of the one-count Indictment.

**THEREFORE, IT IS ORDERED** as follows:

1.  That by special verdict as required by 18 U.S.C. § 4242(b), the defendant is found not guilty only by reason of insanity of the crime of possession of a firearm by a prohibited person, i.e., a convicted felon, having been convicted previously of three violent felonies and serious drug offenses in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), as charged in Count One of the one-count Indictment;

2. That pursuant to 18 U.S.C. § 4243(a), the defendant is committed forthwith to a suitable facility, as defined by 18 U.S.C. § 4247(a)(2), until such time as he is eligible for release pursuant to 18 U.S.C. § 4243(e) and (f);

3. That as required by 18 U.S.C. § 4243(c),[2] a hearing shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(d), on Monday, August 14, 2006, at 8:30 a.m., at which time counsel and the defendant shall appear without further notice or

---

[2] I acknowledge the tension in timing between 18 U.S.C. § 4243(c), which requires a hearing not later than 40 days following the special verdict of not guilty only by reason of insanity, and 18 U.S.C. § 4247(b), which provides for commitment not to exceed 45 days to facilitate the examination required under § 4243(b).

order;[3] and

4. That pursuant to the provisions of 18 U.S.C. § 4243(b), prior to the date of the

August 14, 2006, hearing, a psychiatric or psychological examination of the defendant

shall be conducted and a psychiatric or psychological report shall be filed with the court

pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).[4]

Dated July 10, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[3] At the hearing the burden of proof is on the defendant pursuant to 18 U.S.C. § 4243(d), and the determination and disposition shall be as provided pursuant to 18 U.S.C. § 4243(e).

[4] Because 18 U.S.C. § 4243 is apposite, the examiner must opine as required by 18 U.S.C. § 4247(c)(4)(C) about whether the defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.