**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 05-cr-00172-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TOMMY LEAKEY,

    Defendant.

---

**ORDERS SUPPLEMENTING THE COURT'S SPECIAL VERDICT: NOT GUILTY ONLY BY REASON OF INSANITY**

---

**Blackburn, J.**

On July 10, 2006, this matter came before me for nonjury trial of the crime charged in the one-count **Indictment** [#5] returned by the grand jury on April 18, 2005.

The parties waived opening and closing statements, waived the presentation of evidence beyond that extant in the file and record, and consented to my consideration of all relevant adjudicative facts in the file and record as developed, including the mental evaluations and reports of Dr. Karen Fukutaki, Dr. Patricia A. Hyatt, and Dr. Katherine Skillestad, and my consideration of the parties' **Joint Stipulation of Facts And Recommendation of a Finding of Not Guilty Only by Reason of Insanity** [#57] filed June 15, 2006.

Based on the extant evidentiary record I found the defendant not guilty only by reason of insanity of the crime of possession of a firearm by a prohibited person, i.e., a

convicted felon, having been convicted previously of three violent felonies and serious drug offenses in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), as charged in Count One of the one-count Indictment. Accordingly, I entered a **Special Verdict: Not Guilty Only by Reason of Insanity** [# 63] in which I , *inter alia*, committed defendant to a suitable facility, commissioned a specialized mental examination, and scheduled further hearing, which was continued at defendant's request without objection. However, the psychiatric or psychological examination and the concomitant psychiatric or psychological report I commissioned has not been completed and filed. Thus, additional orders must be entered to satisfy the statutory requirements and protect defendant's rights in these circumstances.

**THEREFORE, IT IS ORDERED** as follows:

1. That pursuant to 18 U.S.C. § 4243(a), the defendant, who is in the custody of the Attorney General, shall be placed **forthwith** at a suitable facility, as defined by 18 U.S.C. § 4247(a)(2), until such time as he is eligible for release pursuant to 18 U.S.C. § 4243(e) and (f);

2. That as required by 18 U.S.C. § 4243(c),[1] a hearing shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(d), on Friday, September 29, 2006, at 9:00 a.m., at which time counsel and the defendant shall appear without further notice

---

[1] I acknowledge the tension in timing between 18 U.S.C. § 4243(c), which requires a hearing not later than 40 days following the special verdict of not guilty only by reason of insanity, and 18 U.S.C. § 4247(b), which provides for commitment not to exceed 45 days to facilitate the examination required under 18 U.S.C. § 4243(b).

or order;[2]

      3. That pursuant to the provisions of 18 U.S.C. § 4243(b), prior to the hearing set August 14, 2006, a psychiatric or psychological examination of the defendant shall be conducted and a psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C. § 4247(b) and (c)[3]; provided, furthermore, that the Bureau of Prisons shall be responsible for arranging, scheduling, and coordinating the examination required by this order;

      4. That the licensed or certified psychiatrist or psychologist designated by the Bureau of Prisons to conduct the psychiatric or psychological examination shall be granted reasonable access to the defendant to facilitate the examination and to implement the orders of this court; and

      5. That pursuant to the provisions of 18 U.S.C. § 4247(c), at the conclusion of the examination of the defendant, a psychiatric or psychological report shall be prepared by the examiner and shall be filed with the court, with copies to be provided to counsel for the government and the defendant; and

      6. That these orders are entered to supplement the orders entered July 10, 2006, in docket number 63.

---

[2] At the hearing the burden of proof is on the defendant pursuant to 18 U.S.C. § 4243(d), and the determination and disposition shall be as provided pursuant to 18 U.S.C. § 4243(e).

[3] Because 18 U.S.C. § 4243 is apposite, the examiner must opine as required by 18 U.S.C. § 4247(c)(4)(C) about whether the defendant is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

Dated August 25, 2006, at Denver, Colorado.

                                        **BY THE COURT:**

                                        **s/ Robert E. Blackburn**
                                        **Robert E. Blackburn**
                                        **United States District Judge**