**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Criminal Case No. 05-cr-00172-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

TOMMY LEAKEY,

     Defendant.

---

## ORDER RELEASING DEFENDANT

---

**Blackburn, J.**

On December 15, 2006, the matter came before me for release hearing under 18

U.S.C. § 4243(c), and for consideration of **Defendant's Unopposed Motion For**

**Unconditional Release** [#75] filed November 27, 2006. I grant the motion.

On July 10, 2006, this matter came before me for nonjury trial[1] of the crime

charged in the one-count **Indictment** [#5] returned by the grand jury on April 18, 2005.

The parties waived opening and closing statements, waived the presentation of

evidence beyond that extant in the file and record, and consented to my consideration

of all relevant adjudicative facts in the file and record as developed, including the

mental evaluations and reports of Dr. Karen Fukutaki, Dr. Patricia A. Hyatt, and Dr.

Katherine Skillestad, and my consideration of the parties' **Joint Stipulation of Facts**

---

[1] Before commencing the nonjury trial, and after hearing, I granted **Defendant Tommy Leakey's Motion Allowing Him To Waive Jury Trial Pursuant to Fed. R. Crim. P. 23(a)(1)** [#60] filed June 27, 2006.

**And Recommendation of a Finding of Not Guilty Only by Reason of Insanity** [#57] filed June 15, 2006.

As required under 18 U.S.C. § 4242(b), defendant had raised the issue of insanity by notice as provided in Fed.R.Crim.P. 12.2(a).  As required under 18 U.S.C. § 4242(b), by special verdict the court shall find defendant (1) guilty; (2) not guilty; or (3) not guilty only by reason of insanity.

Based on the extant evidentiary record I found the defendant not guilty only by reason of insanity of the crime of possession of a firearm by a prohibited person, i.e., a convicted felon, having been convicted previously of three violent felonies and serious drug offenses in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), as charged in Count One of the one-count Indictment.  Accordingly, I entered a **Special Verdict: Not Guilty Only by Reason of Insanity** [#63] on July 10, 2006.[2]

In the special verdict I ordered 1) that pursuant to 18 U.S.C. § 4243(a), the defendant shall be committed forthwith to a suitable facility, as defined by 18 U.S.C. § 4247(a)(2), until such time as he is eligible for release pursuant to 18 U.S.C. § 4243(e) and (f); 2) that as required by 18 U.S.C. § 4243(c), a hearing shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(d); and 3) that pursuant to the provisions of 18 U.S.C. § 4243(b), prior to the date of the hearing, a psychiatric or psychological examination of the defendant shall be conducted and a psychiatric or psychological report shall be filed with the court pursuant to the provisions of 18 U.S.C.

---

[2] On August 25, 2006, I was constrained to enter **Orders Supplementing The Court's Special Verdict: Not Guilty Only by Reason of Insanity** [#69].

§ 4247(b) and (c).

As ordered, a **Forensic Mental Health Evaluation** dated November 2, 2006, was filed.[3] On December 15, 2006, I afforded the defendant the hearing to which he is entitled under 18 U.S.C. § 4243(c), which I conducted pursuant to 18 U.S.C. § 4247(d).

At the December 15, 2006, hearing I judicially noticed all relevant adjudicative facts in the file and record *pro tanto*, I considered all evidence presented, including the **Forensic Mental Health Evaluation**, which was admitted as Court's Exhibit A, and I considered all reasons stated, arguments advanced, and authorities cited by the parties in their papers and during the hearing. The motion for immediate and unconditional release of the defendant is unopposed by the government.[4] The mental health experts for both the government and the defendant recommend that the defendant be released.

On this record I find and conclude that the defendant has established by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to his extant mental condition.[5] Thus, the defendant is entitled to his immediate release in this case, subject, however, to any extant writ of habeas corpus ad prosequendum or

---

[3] The forensic report was prepared by Christene Scronce, PhD., a forensic psychologist for the BOP.

[4] The motion was unopposed for the reasons stated by AUSA Smith during her presentation to the court.

[5] This burden of proof is imposed on the defendant under 18 U.S.C. § 4243(d).

testificandum.[6]

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Unopposed Motion For Unconditional Release** [#75] filed November 27, 2006, **IS GRANTED**;[7] and

2. That the defendant, Tommy Leakey, **IS RELEASED**, subject to any extant writ of habeas corpus ad prosequendum or testificandum.

Dated December 15, 2006, at Denver, Colorado, to confirm, supplement, and expatiate the findings of fact, conclusions of law, and orders entered from the bench in open court.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

---

[6] It is my understanding that the defendant will be returned to the Colorado Department of Corrections from which he was removed by writ to facilitate prosecution of this case.

[7] In further support of my ruling, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the defendant in his motion.